### In re KROEGER BROS. CO.

(District Court, E. D. Wisconsin. February 2, 1920.)

BANKRUPTCY ⊕319—JUDGMENT FOR DAMAGES RENDERED AFTER BANKRUPTCY NOT PROVABLE.

A judgment for damages against a bankrupt in a state court, actually rendered after bankruptcy, but by direction of an appellate court, which reversed a judgment in bankrupt's favor, entered nunc pro tunc as of the date of the reversed judgment, which was before bankruptcy, *held* not a fixed liability at the time of bankruptcy, provable under Bankruptcy Act, § 63a(1), Comp. St. § 9647.

In Bankruptcy. In the matter of Kroeger Bros. Company, bankrupt. On review of order of referee disallowing claim of Lizzie Glatz. Affirmed.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petitioner, Glatz, brought suit in the state circuit court to recover damages accruing to her upon the death of her husband through alleged negligence of the defendant (the present bankrupt) on a collision of its delivery automobile with a motor vehicle operated by him. In July, 1918, the trial of that action resulted in a special verdict in her favor; but the judge set aside one of the matters of fact found by the jury, and thereupon entered judgment against her. An appeal to the Supreme Court was promptly taken and pending, when in October, 1918, these bankruptcy proceedings were instituted. In March, 1919, the state Supreme Court reversed the judgment (168 Wis. 635, 170 N. W. 934) and directed the circuit court to enter judgment in favor of the plaintiff (petitioner) and against the defendant (bankrupt) nunc pro tunc as of July, 1918—the date when the original judgment adverse to petitioner had been entered. This was done by the trial court, whereupon petitioner filed a claim upon the judgment herein. The referee having disallowed and stricken it as not provable, this review is taken.

Joseph H. Marshutz, of Milwaukee, Wis., for trustee.
Lenicheck, Boesel & Wickhem, of Milwaukee, Wis., for claimant.

GEIGER, District Judge (after stating the facts as above). Under the provision of the Bankruptcy Act (section 63 [Comp. St. § 9647]) governing the case before us, a claim to be provable must have the dual ingredients (1) a fixed liability, as evidenced by a judgment or an instrument in writing (2) *at the time of filing the petition in bankruptcy*. It will be conceded that the bankruptcy court is bound absolutely to ascertain the facts and apply the statute according to its very terms; that it is powerless and without discretion, upon considerations of justice or otherwise, to antedate a liability or to give it a fixed character as of any time other than that prescribed in the statute. So, in the present case, if the judgment presented as the basis of the claim had been rendered in the ordinary course, after filing the petition, but upon a verdict rendered before, the court would be powerless to treat the judgment as effective on or prior to the date of filing the petition in bankruptcy. It is agreed, however, that at the time when the bankruptcy petition was filed, there was not only no judgment in favor of the petitioner herein, but in truth against her; and if the Supreme Court of Wisconsin had not directed a nunc pro tunc entry of the judgment, I believe there would be no question that the bankruptcy court would be powerless to give the judgment effect as of July, 1918. Now, if the bankruptcy court is so limited, it cannot be that any other court has greater power or any discretion in respect of the ingredients of a provable claim and the manner of evidencing them. Indeed, if such power or discretion were recognized, no good reason can be urged for denying to private parties the analogous power or right of moving back, by agreement, the effective date of an "instrument in writing"— the other evidence or test of "fixed liability."

I agree with the view expressed by the referee and in his disposition of the claim. The order is affirmed.