## RUEBUSH v. FUNK.

### No. 3362.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

Glenn W. Ruebush, of Harrisonburg, Va., for appellant.

F. S. Tavenner, of Woodstock, Va. (F. S. Tavenner, Jr., of Woodstock, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal under section 24b of the Bankruptcy Act (11 USCA § 47 (b) from an order entered in the District Court of the United States for the Western District of Virginia, in the matter of Augustus R. Funk, bankrupt.

On April 11, 1931, Funk, the bankrupt, instituted an action against one Kagey in the circuit court of Shenandoah county, Va., for damages for bodily injuries growing out of an automobile accident. Included in the action were damages to Funk's automobile, growing out of the same accident.

On May 28, 1931, a written contract of employment was made by Funk and his attorneys, who had brought the said suit. This

contract provided that the attorneys should have one-third of any recovery.

On October 27, 1931, a verdict in Funk's favor was returned for $4,500 for his bodily injury, and $250 for the injury to his automobile. On the same day the defendant moved that the verdict be set aside. This motion was taken under advisement.

The term of court at which the verdict in Funk's favor was found was adjourned without the motion to set aside the verdict being passed upon.

On November 6, 1931, Funk filed a petition in bankruptcy, and on November 9, was adjudicated a bankrupt. His rights in his then pending action against Kagey were not listed as assets.

The November term of the Circuit Court of Shenandoah county convened on November 9, 1931, and on November 17, 1931, no decision on the motion to set aside the verdict having been made, the insurer of Kagey paid the amount of the verdict, $4,750, into court, and the clerk of the court turned this fund over to Funk's attorneys, who still hold it.

On November 20, 1931, the following order was entered:

"This day came the parties, by their attorneys, and on motion of attorneys for the defendant, their motion heretofore made in this cause to set aside the verdict for reasons assigned, is withdrawn, it appearing to the court that the verdict of the jury rendered in this cause, together with court costs of this proceeding having been fully paid and satisfied, which payment was made by the Glens Falls Indemnity Company of New York, the insurance carrier of the defendant, and that the said verdict in favor of the plaintiff has been fully satisfied, except for the amount of $39.50, which is by consent of the parties, withheld because of a certain garnishment sued out against the plaintiff.

"It is ordered that this cause be dismissed and stricken from the docket."

Other than this final order no judgment was ever entered by the court on the verdict.

The trustee (appellant here) claimed that the fund in the hands of Funk's attorneys in the damage suit should be turned over to him to be administered as a part of the bankrupt's estate.

The referee in bankruptcy entered an order holding that the trustee was not entitled to any part of the $4,500, awarded Funk as damages for his bodily injury, but also holding that the trustee was entitled to two-thirds of the $250 awarded for injury to Funk's automobile.

The trustee filed a petition for review of the referee's order and the District Judge, in a well-considered and exhaustive opinion, affirmed the referee's order, from which action this appeal was brought.

Subsection (5) of section 70a of the Bankruptcy Act (11 USCA § 110 (a) (5), provides that "property which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him," passes to the trustee.

Subsection (6) of section 70a (11 USCA § 110 (a) (6) provides that "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his [the bankrupt's] property," shall pass to the trustee.

The contention of the trustee is that by virtue of subsection (5) of section 70a the verdict for damages for the personal injury is property which could have been transferred and therefore he is entitled to receive the same.

The bankrupt contends that by virtue of subsection (6) the right of the trustee is limited to rights of action arising upon contract or respecting injury to the bankrupt's property and therefore does not embrace an action in tort for personal injuries.

The Virginia statute under which it is claimed by the trustee that the verdict could have been transferred is section 5790 of the Code of Virginia, which reads as follows:

"The right of action under sections fifty-seven hundred and eighty-six and fifty-seven hundred and eighty-seven, shall not determine, nor the action, when brought, abate by the death of the defendant, or the dissolution of the corporation when a corporation is the defendant; and, where an action is brought by a person injured for damages caused by the wrongful act, neglect, or default of any person, or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative. If the death resulted from the injury, the declaration and other pleadings shall be amended so as to conform to an action under sections fifty-seven hundred and eighty-six and fifty-seven hundred and eighty-seven, and the case proceeded with as if the action

had been brought under the said sections. But in such cases there shall be but one recovery for the same injury. * *. *

"Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."

We have first to consider whether the verdict in question was property which prior to the filing of the petition could by any means have been transferred by the bankrupt. We do not think it was. While the Virginia statute above quoted gives a statutory right in case of the death of the plaintiff that right given is not, properly speaking, a survival of the right of action as interpreted by the Supreme Court of Virginia.

In Beavers' Adm'x v. Putnam's Curator, 110 Va. 715, 67 S. E. 353, 354, decided in 1910, the Supreme Court of Virginia in discussing the case of Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S. E. 269, said: "It was claimed in that case, that by virtue of sections 2902, 2903 and 2906 of our Code the right of action for injury to the person, produced by the wrongful act, neglect or default of another, survived to the personal representative, so that the limitation upon such right of action would be five years and not one year; but it was there held that such was not the effect of those sections; that the right of action given by them is not a survival of the right of action which existed in the injured person prior to his death, but an independent right of action, created and not merely continued by our statutes."

In Anderson v. Hygeia Hotel Co., supra, the court says: "The language of the act clearly indicates that the legislature had in view the rule of the common law; and that its purpose in passing the act was to provide for the case of an injured person who had a good cause of action, but died from injuries without having recovered his damages. It intended to withdraw from the wrongdoer the immunity from civil liability which the rule of the common law afforded him, and to provide for the recovery of such damages notwithstanding the death of the injured person. In doing so, however, it plainly did not intend to continue or cause to survive his right of action for the injury, but to substitute for it, and confer upon his personal representative, a new and original right of action."

See, also, Dillard v. Collins, 66 Va. (25 Grat.) 346.

In addition to this, the Virginia statute expressly provided that the right therein given should not give the right "to assign a claim for a tort not otherwise assignable."

The judge below in his able opinion traces the history of this statute and reaches what seems to us to be the correct conclusion, that the right of action would not have survived Funk's death, but we do not consider that conclusion necessary to the decision in this case. Subsection 5 and subsection 6 of section 70a of the Bankruptcy Act must be read together and Congress evidently intended that rights of action should be dealt with in subsection 6 which provides that only rights of action arising upon contract or from the unlawful taking or detention of or injury to the bankrupt's property shall pass to the trustee. Under the rule of construction of statutes other rights of action are excluded and would not pass.

There had been no final judgment entered on the verdict at the time of the filing of the bankrupt's petition in bankruptcy nor was any judgment of the court ever entered on the verdict other than the one dismissing the suit as settled which was entered after the filing of the petition and after the adjudication in bankruptcy. The adjudication on November 9, 1931, related back to November 6, 1931, the date of the filing of the petition. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. 4 Remington on Bankruptcy, 3d Ed., § 1398, p. 326.

We do not think that the fact that there was a verdict upon which no judgment had been entered changes the situation. A motion was pending to set aside the verdict and this matter was still within the breast of the trial court. Until the final judgment it did not become property that could be transferred. Stone v. Boston & M. R., 7 Gray (Mass.) 539.

"Under the general rule a cause of action for a personal tort cannot be assigned before judgment even after verdict." 5 C. J. p. 892.

"Under the provisions of the Bankruptcy Act (section 63 [Comp. St. § 9647 (11 US CA § 103)]) governing the case before us, a claim to be provable must have the dual ingredients (1) a fixed liability, as evidenced by a judgment or an instrument in writing (2) at the time of filing the petition in bankruptcy. It will be conceded that the bankruptcy court is bound absolutely to ascertain the facts and apply the statute according to its very terms; that it is powerless and without discretion, upon considerations of

justice or otherwise, to antedate a liability or to give it a fixed character as of any time other than that prescribed in the statute. So, in the present case, if the judgment presented as the basis of the claim had been rendered in the ordinary course, after filing the petition, but upon a verdict rendered before, the court would be powerless to treat the judgment as effective on or prior to the date of filing the petition in bankruptcy." In re Kroeger Bros. Co. (D. C.) 262 F. 463, 464.

"Now, a claim which has not obtained the condition of a fixed liability cannot be characterized as a debt due and payable either presently or at a future day, and such is the immature character of a mere verdict before judgment. It is subject to the control and discretion of the court, and may be superseded altogether by arresting judgment upon it or by the allowance of a new trial. No action could be maintained upon it; it does not bear interest, and no determinate character is impressed upon it until the court has pronounced its judgment that the plaintiff do recover from the defendant the amount of it." Black v. McClelland, Fed. Cas. No. 1,462.

The word "property," in the connection indicated, has been construed by federal courts. In the case of Board of Trade of City of Chicago v. Weston, 243 F. 332, 335, the Circuit Court of Appeals of the Seventh Circuit adopted in its opinion the opinion of the District Judge wherein it is stated: " * * * It may be that Congress, in discharging its constitutional authority, either in passing a bankruptcy law or otherwise, is without power to define 'property'—in the broad sense— by declaring what elements must be present to make property. But I conceive that nothing of the kind has been attempted. Section 70a is merely a declaration, by way of enumeration or schedule, of the rights, privileges, or things which, being possessed or enjoyed by a bankrupt, and being property, shall, as respects their title, devolve, by operation of law, upon a trustee. It deals with property, as such. Instead of attempting to make property out of things which are not such, it enumerates, as subjects of devolution and administration in bankruptcy, property having certain characteristics, and therefore, being an enumeration of certain classes of property, is on its face a limitation, within the larger field of property in general. It does

not say that, in addition to a bankrupt's property, certain other rights, privileges, or things shall be deemed property, and shall vest in the trustee. Obviously, rights of a bankrupt which attach to him personally, such as the ordinary rights incident to his life, his liberty, or pursuit of happiness, valuable though they may be, could not be declared to pass to the trustee, because they are neither property nor property rights."

In Sibley v. Nason, 196 Mass. 125, 81 N. E. 887, 889, 12 L. R. A. (N. S.) 1173, 124 Am. St. Rep. 520, 12 Ann. Cas. 938, in a well-considered opinion the court said: "This action, having been brought for damages to the person of the plaintiff, could not by any means have been transferred by him. * * * It was not property, nor a right of property, until it was reduced to a judgment. * * * Thus it appears that the claim which the plaintiff was prosecuting against the defendant is not properly described by any of the phraseology in subsection 5. Subsection 6 is limited to rights of action arising upon contract or respecting property, and does not include an action of tort for personal injuries. It is not, and never has been, the policy of the law to coin into money for the profit of his creditors the bodily pain, mental anguish, or outraged feelings of a bankrupt. None of the federal or English bankruptcy acts, nor our own insolvency statutes, have gone to that length."

See, also, In re Haensell (D. C.) 91 F. 355.

We do not think that the verdict in question was property that the bankrupt could by any means have transferred within the meaning of subsection 5, nor was it a right of action within the meaning of subsection 6 of section 70a of the Bankruptcy Act. The conclusions reached by the referee and the judge below that the trustee was not entitled to the fund in controversy were right.

There is no contention as to the right of the trustee to two-thirds of the damages awarded for injury to the bankrupt's automobile, and, in view of our conclusion as to the whole amount awarded for personal injuries, it is not necessary to discuss the question raised as to the attorneys' lien for one-third of the amount.

The order of the court below is, accordingly, affirmed.