WIDENER, Circuit Judge:
 

 This case presents two issues on appeal: (1) whether this debtor can amend his bankruptcy schedules, and (2) whether and to what extent an exemption is allowable from the bankrupt estate for the debtor’s personal injury settlement proceeds. We agree with the district court that the debt- or may amend his schedules, but we reverse that court’s decision permitting his claimed exemption for all of the personal injury settlement proceeds.
 

 Appellee Henry Clay Tignor, the debtor, filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on August 18, 1980, and in his schedule of personal property listed an unliquidated claim against his former employer, the Richmond, Fredericksburg & Potomac Railroad Company (RF & P), for personal injuries sustained November 9, 1978. The market value of this Federal Employers’ Liability Act claim was listed as “unknown.” The debtor claimed homestead exemption and what is known as the poor debtors’ exemption under Va.Code §§ 34-4 and 34-26, and exemption for property held as tenant by the entirety under 11 U.S.C. § 522(b)(2)(B), but did not claim as exempt the personal injury claim.
 
 [1]
 
 Appellant William C. Parkinson, Jr., as trustee of the bankrupt estate, conducted the first creditors’ meeting on September 24, 1980. The debtor settled his claim against RF & P on June 5, 1981, for $150,000, of which $45,000 went for attorneys’ fees, and then amended his bankruptcy schedules on October 21, 1981, to reflect the additional $105,000 from the settlement and to claim this sum as exempt. He contended that the personal injury claim was exempt under 11 U.S.C. § 522(b)(2)(A), Va.Code § 8.01-26, and the common law. The trustee objected, arguing that the debtor could not amend his schedules and that no exemption for the personal injury claim or its proceeds existed under Virginia law. The bankruptcy court entered an order with opinion denying the trustee’s objections to the claimed exemption,
 
 In re Tignor,
 
 21 B.R. 219 (Bkrtcy.E.D.Va.1982), and the district court summarily affirmed.
 

 I
 

 We agree that the debtor’s amendment was proper. Under Rule of Bankruptcy Procedure 110, which was in effect when this dispute arose, “[a] voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.” This rule adopted a permissive approach to amendment of a voluntary petition, replacing General Order 11 which required application for leave to amend.
 
 See
 
 Advisory Committee Note to Bankruptcy Rule 110. Under a plain reading of Rule 110, a court ordinarily does not have discretion to deny leave to amend or to require a showing of good cause. We agree with the courts of appeals that have, with some variation in precise holdings, so held.
 
 In re Doan,
 
 672 F.2d 831, 833 (11th Cir.1982);
 
 In re Gershenbaum,
 
 598 F.2d 779, 781 (3d Cir.1979);
 
 cf. Redmond v. Tuttle,
 
 698 F.2d 414, 416-17 & n. 6 (10th Cir.1983). Bankruptcy Rule 1009, which became effective August 1, 1983, takes the same approach.
 
 [2]
 

 
 *979
 
 The trustee claims, however, that in this case creditors were entitled to rely on the debtor’s personal injury claim as a fund from which their claims would be paid and to rely on the debtor’s election to exempt other property, particularly because the debtor did not seek exemption of the claim until a year after the first creditors’ meeting. The trustee claims that he also relied to his prejudice on the debtor’s election, incurring legal fees and costs to secure the proceeds of the claim for the estate. It is true that exceptional circumstances may prevent the debtor in bankruptcy from amending his petition or schedules,
 
 see In re Doan,
 
 672 F.2d 831, 833 (11th Cir.1982) (bad faith or prejudice to creditors might bar amendment). Also, all property of the bankrupt estate does not automatically qualify to be included in an exemption claimed by amendment.
 
 Redmond v. Tuttle,
 
 698 F.2d 414 (10th Cir.1983). The clear mandate of the rule, however, is to allow amendment freely. Although the debtor in this case failed to claim an exemption for his personal injury claim in August 1980 when he originally filed his petition and schedules, the trustee had taken no action toward securing funds for creditors from the claim until the case was settled in June 1981. The trustee’s position had not changed in the slightest as a result of the exemption not being claimed when the petition was filed. No exceptional circumstances are present here which warrant denial of the debtor’s amendment. The trustee may not successfully claim detrimental reliance simply because a schedule that could be amended was in fact amended, nor may he claim laches simply because of the passage of time between the petition or the creditors’ meeting and the amendment.
 
 In re Doan,
 
 674 F.2d 831 (11th Cir.1982).
 

 Local Rule 23(C) of the Bankruptcy Court for the Eastern District of Virginia does not alter this conclusion. This rule required that objections to a debtor’s claimed exemptions be filed within twenty days after the first creditors' meeting.-'
 
 [3]
 
 The trustee argues that this rule necessarily precluded the debtor from amending his exemption schedule after that date. Trustees and creditors could not under the rule raise objections to these newly claimed exemptions, he argues, and in the absence of objection such exemptions would be allowed.
 
 See,
 
 11 U.S.C. § 522(/). The argument is without merit for two reasons. First, Local Rule 23(C) may not limit Bankruptcy Rule 110 as sought here. Second, the two rules may be reconciled to permit objection to exemptions claimed by amendment for 20 days after the amendment is filed. This was held in
 
 Redmond v. Tuttle, supra,
 
 and we follow that case.
 

 We are thus of opinion the district court correctly permitted the amendments to be made.
 
 [4]
 

 II
 

 Even though debtor’s amendments were permissible, we cannot agree that debtor’s personal injury settlement proceeds were fully exempt.
 

 An unliquidated personal injury claim clearly would not have been included in the
 
 *980
 
 bankrupt estate in Virginia before passage of the Bankruptcy Reform Act. Former 11 U.S.C. § 110(a)(5) (§ 70(a)(5) of the old Bankruptcy Act) only gave the bankruptcy trustee title to property that, prior to the debtor’s filing a bankruptcy petition, creditors could have reached by judicial process or the debtor could have transferred under state law. We held in
 
 Ruebush v. Funk,
 
 63 F.2d 170 (4th Cir.1933), construing Virginia law, that a tort claim for bodily injuries not reduced to judgment but on which a jury verdict had been rendered was not property that could be transferred under Virginia law. An alternative holding was that the claim was not within the statute. The debtor in
 
 Ruebush
 
 had secured a verdict on his tort claim ten days prior to filing a petition in bankruptcy but judgment had not been entered on the verdict. Because there was no judgment on the verdict prior to the filing of the petition, the debtor was found to have no transferable property interest in the claim sufficient to bring it into the bankrupt estate. Payment of the debt- or’s tort claim did not occur until after the debtor filed his bankruptcy petition, and thus proceeds of the claim also did not come into the estate.
 
 Ruebush,
 
 63 F.2d at 172-73. Thus, under the old Act and
 
 Rue-bush
 
 the status of the bankrupt’s claim for bodily injuries at the moment he filed his petition in bankruptcy determined whether such a claim and its proceeds came into the bankrupt estate at all. Since the claim for personal injuries was not as of that time transferable property under Virginia law, it remained outside the bankrupt estate under the former statute, 11 U.S.C. § 110(a)(5).
 
 [5]
 

 The Bankruptcy Reform Act
 
 [6]
 
 which repealed the old Bankruptcy Act is a significant change in the law applicable to the property of a bankrupt estate. Under the old Act only non-exempt property was in-eluded as a part of the bankrupt estate under
 
 Lockwood v. Exchange Bank,
 
 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed.2d 1061 (1903). Under the Reform Act, however, all property of the debtor is included in the bankrupt estate, including exempt property. “After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate.” Legislative History, 1978 U.S.Code Cong. & Ad.News at 5787, 5868, 6324 [hereinafter Leg.Hist.]. The Reform Act thus overrules
 
 Lockwood,
 
 Leg.Hist. at 5868, 6324, and we have previously so acknowledged in
 
 Shirkey v. Leake,
 
 715 F.2d 859, 863 (4th Cir.1983). Under 11 U.S.C. § 541(a), a bankrupt estate includes, with minor exceptions not relevant here, “all legal or equitable interests of the debtor in property as of the commencement of the case.” “This includes all exempt property.”
 
 Shirkey v. Leake,
 
 715 F.2d at 863. The legislative history of this statute is explicit in that: “The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70(a) of the Bankruptcy Act_” Leg.Hist. at 5868, 6323. It “includes as property of the estate all property of the debtor, even that needed for a fresh start.”
 
 Id.
 

 The fact that the schedule of exemptions established by Congress in the Reform Act includes an exemption of $7,500 for personal bodily injury claims is another clear indication that 11 U.S.C. § 541(a) brings such claims into the bankrupt estate in the first instance.
 
 See
 
 11 U.S.C. § 522(d)(ll)(D). Proceeds of estate property are also estate property. 11 U.S.C. § 541(a)(6). “The conversion in form of property of the efetate
 
 *981
 
 does not change its character as property of the estate.” Leg.Hist, at 5869, 6324.
 

 The debtor’s claims for injuries to the person, whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankrupt estate as of the commencement of the case. We agree with the court below on this aspect of its decision.
 
 See
 
 4 Collier on Bankruptcy ¶ 541.10[3] (15th ed. 1983). The Reform Act, therefore, supersedes this court’s holding in
 
 Ruebush
 
 and former 11 U.S.C. § 110(a)(5) that not all such claims come into the bankrupt estate.
 

 Bankrupt estate property must qualify for exemption, if at all, under the scheme of 11 U.S.C. § 522.
 
 [7]
 
 If state law allows the debtor to make the choice, he may choose between the federal exemptions specifically set out in 11 U.S.C. § 522(d) and those provided by other federal laws and state law. Virginia, however, under the authority of 11 U.S.C. § 522(b)(1), does not allow the debtor to choose the federal exemptions of 11 U.S.C. § 522(d). Va.Code, § 34-3.1 (Supp.1983);
 
 Cheeseman v. Nachman,
 
 656 F.2d 60, 62 (4th Cir.1981). The issue, then, is whether and to what extent Virginia law provides an exemption for personal bodily injury claims.
 

 Longstanding Virginia precedent establishes that exemption statutes are to be construed liberally.
 
 South Hill Production Credit Ass’n v. Hudson,
 
 174 Va. 284, 286-88, 6 S.E.2d 668, 669 (1940);
 
 Atlantic Life Ins. Co. v. Ring,
 
 167 Va. 121, 126-28, 187 S.E. 449, 451-52 (1936). However, “[t]he liberal construction required to be given to our constitutional and statutory provisions does not authorize the courts to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there.”
 
 Goldburg Co. v. Salyer,
 
 188 Va. 573, 582, 50 S.E.2d 272, 277 (1948).
 

 Until recently, no Virginia statute specifically provided an exemption for personal injury claims. In 1978 the Virginia homestead exemption statute, which included the right to exempt “debts due” to the party claiming it, was amended to add the following sentence: “The word ‘debt’ as used in this title shall be construed to include a liability incurred as the result of an unintentional tort.” Virginia Code § 34-4. Thus, the Virginia homestead exemption statute which provides for exemption for “real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding five thousand dollars,” now includes, in terms, “liability incurred as the result of an unintentional tort.” We are of opinion and so hold that the FELA claim involved in this case is a claim for an unintentional tort and may be claimed as exempt under the Virginia homestead exemption statute, Va. Code § 34-4, but not as a common law exemption nor as an unassignable cause of action unreachable by creditors under state law.
 

 Important considerations support our literal reading of the Virginia statute. Exemptions are strictly creatures of constitutional and statutory law,
 
 State v. Caldwell,
 
 181 Tenn. 74, 85, 178 S.W.2d 624, 628 (1944), and as the opinion affirmed by the district court may be read to be based upon a common law exemption, we do not think it is supportable. As that opinion may be read as not including as property of the bankrupt estate a cause of action which could not be reached by creditors in a state court, that aspect of the old Act was simply repealed by the Reform Act as we have set forth above in this opinion. The upshot of the matter is that, had the Virginia legislature not amended Va.Code § 34-4 as it did,
 
 *982
 
 a Virginia debtor in bankruptcy under the Reform Act could well have no exemption at all for unliquidated bodily injury claims. No statutory exemption was needed under the old Act, because under former 11 U.S.C. § 110(a)(5) and
 
 Ruebush
 
 unliquidat-ed bodily injury claims did not come into the bankrupt estate in the first instance. With the passage of the Reform Act, however, such claims became estate property. Once Virginia chose not to permit choosing the federal exemption scheme, such claims could not even have been exempted as homestead property unless they were a “debt due” under Virginia law, which is doubtful.
 
 [8]
 
 The amendment to the Virginia homestead exemption statute thus fits well into the scheme of the Bankruptcy Reform Act.
 
 [9]
 
 .
 

 In sum, the debtor’s bodily injury claim in this case was property of the estate. The proceeds of the settlement thereof, realized before the close of the bankruptcy case, were property of the estate. The debtor was entitled to claim an exemption for such a claim, whether liquidated or unliquidated, only under the homestead exemption statute with other property claimed thereunder in the • aggregate amount of $5,000.
 

 We accordingly affirm the judgment of the district court so far as it permits the debtor to amend his schedules. We vacate that part of its judgment permitting the debtor to claim as exempt the entire amount of his recovery for personal injuries. The case is remanded to the district court for such further proceedings as it may deem appropriate, with instructions that the debtor be allowed to claim as exempt his claim for bodily injuries under the Virginia homestead exemption statute, Va. Code 34-4, but not otherwise.
 

 AFFIRMED IN PART VACATED IN PART and REMANDED.
 

 [1]
 

 . Debtor claimed no exemption for wages, ci-ther in his original schedule or his amendment, as any portion of the personal injury claim.
 

 [2]
 

 . Rule 1009 provides, "A voluntary petition, list, schedule, statement of financial affairs, stalc-menl of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed.” The new bankruptcy rules are applicable as of their effective date to pending proceedings, "except to the extent that in the opinion of
 
 *979
 
 the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies."
 

 [3]
 

 . Local Bankruptcy Rule 23(C), which since has been superseded,
 
 see
 
 note 4
 
 supra,
 
 provided as follows:
 

 An objection to property claimed by the debtor under § 522(b) of the Bankruptcy Code must be filed within twenty (20) days after the debtor’s examination at the 341 meeting, and copies of the objection forthwith must be mailed or delivered to the debtor and his attorney.
 

 [4]
 

 . New Federal Bankruptcy Rule 4003(b), effective August 1, 1983, specifically allows the filing of objections after a debtor amends his exemption schedules:
 

 The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.
 

 [5]
 

 . Congress amended § 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5), to add the following language in 1938, and made explicit what this court had held in
 
 Ruebush
 
 in 1933:
 

 Provided,
 
 That rights of action cx delicto for ... injuries to the person of the bankrupt ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process....
 

 [6]
 

 . Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 401, 92 Slat. 2549, 2682.
 

 [7]
 

 . The relevant portion of 11 U.S.C. § 522(b) provides as follows:
 

 Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate cither—
 

 (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this section specifically docs not so authorize; or, in the alternative,
 

 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ....
 

 [8]
 

 . See
 
 Ruebush
 
 at 173, quoting with approval . from
 
 Black v. McClelland,
 
 3 Fed.Cas. No. 1462 (W.D.Pa.1875): "Now, a claim which has not obtained the condition of a fixed liability cannot be characterized as a debt due and payable either presently or at a future day
 

 [9]
 

 . We note that these changes parallel those made in the Bankruptcy Reform Act with regard to unliquidated tort claims of a third party
 
 against
 
 a debtor in bankruptcy. Under the old Act, tort claims were not provable, allowable, or dischargeablc in bankruptcy, unless the third party had brought an action on such a claim or reduced the claim to judgment before the debtor commenced bankruptcy proceedings. Bankruptcy Act §§ 17(a), 57(d), 63(a)(1), 63(a)(7) (former 11 U.S.C. §§ 35(a), 93(d), 103(a)(1), 103(a)(7)); 3 Collier on Bankruptcy ¶ 57.15, at 249 (14th cd. 1983); 3A Collier on Bankruptcy § 63.25[1], at 1891-92, § 63.29, at 1909-10. Un-dcr the Bankruptcy Reform Act, unliquidated negligence claims are claims against the estate which arc dischargeable. 11 U.S.C. § 101(4); Lcg.Hisl. at 5807-8, 6266; 2 Collier on Bankruptcy § 101.04, at 101-16.2 (15th cd. 1983).
 

 We further note that the Virginia statute, Va. Code § 34-4, until its 1978 amendment protected only against "debt or liability on contract," not protecting against a claim against the debtor for tort claims. The amendment gives protection to the debtor against claims for "liability incurred as a result of an unintentional tort” and also allows an exemption for such claims, on behalf of the debtor to the statutory limit of $5000.