**In re Diana Joy MILLS f/k/a Diana Joy O'Sullivan f/k/a Diana Joy Fischbach, Debtor.**

**Bankruptcy No. 84–01853–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 16, 1985.

**526**

Leslie Gern Cloyd, Johnson & Bakst, P.A., West Palm Beach, Fla., for trustee.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

Gary I. Zwickel, Lake Worth, Fla., for debtor.

## ORDER ON EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's objection (C.P. No. 6) to the debtor's claimed exemption of an unliquidated tort action for personal injuries was heard on January 8. The objection is sustained and the exemption is denied. The trustee did not object to any other exemption claimed by the debtor.

In *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984), the bankruptcy debtor claimed an exemption for an unliquidated cause of action for personal injuries in a case governed by the present Bankruptcy Reform Act. The court noted that § 70a(5) of the former Bankruptcy Act as amended in 1938 explicitly excluded causes of action ex delicto for personal injuries from the property of a bankrupt estate subject to administration by the trustee. However, the court also noted that:

> "Under the Reform Act, however, all property of the debtor is included in the bankrupt estate, including exempt property. 'After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate'." (quoting Legislative History, 1978 U.S.Code Cong. & Ad.News at 5787, 5868, 6324) *Id.* at 980.

The unliquidated cause of action for personal injuries, therefore, is clearly "property of the estate" under 11 U.S.C. § 541.

In *Tignor*, as is the case in Florida, the Federal exemptions specified in § 522(d) are not applicable. Therefore, § 522(b)(2) is controlling. That provision permits an individual debtor to exempt from property of the estate property that is exempt under State law at the debtor's domicile.

In *Tignor*, Virginia law was applicable, including a 1978 homestead exemption statute which permitted the exemption up to $5,000 of debts due, including "a liability incurred as the result of an unintentional tort." The court reversed the holding of the lower court that the cause of action was exempt as a common law exemption or as an unassignable cause of action unreachable by creditors under Virginia law. The court said:

> "We are of opinion and so hold that the FELA claim involved in this case is a claim for an unintentional tort and may be claimed as exempt under the Virginia homestead exemption statute, Va.Code § 34–4, but not as a common law exemption nor as an unassignable cause of action unreachable by creditors under state law ... The upshot of the matter is that, had the Virginia legislature not amended Va.Code § 34–4 as it did, a Virginia debtor in bankruptcy under the Reform Act could well have no exemption at all for unliquidated bodily injury claims." *Id.* at 981.

In *Tignor*, the cause of action exceeded the $5,000 statutory exemption and was allowed only in the statutory amount.

In Florida, there is no statutory exemption for causes of action. In Florida, as in Virginia, the courts have recognized no authority to allow exemptions without a statutory basis. In both states, an unliquidated tort claim for personal injuries is not subject to a writ of execution, but that does not mean that it is exempt from the claims of creditors. In *General Guaranty Insurance Co. of Florida v. DaCosta*, 190 So.2d 211, 213–14 (Fla. 3rd DCA 1966), the court said that:

> "it has been held that supplementary proceedings are ordinarily available to reach 'choses in action'."

There is, therefore, no basis under Florida law to exempt this debtor's cause of action for personal injuries from the claims of creditors or from the property of this bankrupt estate.