25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 IN RE: CATHERINE MAE GAVEND, doing business as Quiet Tymes,
Inc., also known as Cathy Gavend,
Officer/director/Shareholder of Quiet
Tymes, Inc. Debtor,
Catherine Mae GAVEND, Appellant,
v.
Jeffrey L. HILL, Trustee, Appellee.
 No. 93-1494.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Catherine Mae Gavend appeals from an order of the district court affirming the bankruptcy court's determination as to the exempt status of Gavend's claims in a legal malpractice action currently pending in state court. We affirm.
 
 
 4
 When Gavend filed her voluntary Chapter 7 petition in bankruptcy, she had a legal malpractice action pending in state court. In that action, Gavend alleged claims of professional negligence, breach of fiduciary duty, fraud, and negligent infliction of emotional distress against her divorce attorney and her accountants. She also alleged a breach of contract claim against her accountants. She sought actual and punitive damages.
 
 
 5
 We understand Gavend to have asserted two claims to the bankruptcy court: (1) any proceeds from her legal malpractice action are exempt property; and (2) her malpractice action has been assigned to the bankruptcy trustee thus permitting the trustee to violate public policy by selling her claims to the highest bidder. Gavend reasserts these claims on appeal.
 
 
 6
 Under 11 U.S.C. 541(a)(1), bankruptcy estate property includes all causes of action including ones for personal injury. See Tignor v. Parkinson, 729 F.2d 977, 980 (4th Cir.1984)(under Reform Act, all of debtor's property, including exempt property, is part of bankruptcy estate; after estate property is established, determination is made as to status of the property).
 
 
 7
 Gavend's malpractice action is part of her bankruptcy estate. See United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n. 9 (1983)(estate property includes causes of action); Tignor, 729 F.2d at 982 (debtor's claims for injuries to the person are property of bankruptcy estate); Ellwanger v. Budsberg (In re Ellwanger), 140 B.R. 891, 903 (Bankr.W.D. Wash.1992)(state court actions for legal malpractice are property of bankruptcy estate); Scarlett v. Barnes, 121 B.R. 578, 579 (W.D. Mo.1990)(same).
 
 
 8
 After property comes into the estate, the debtor may exempt portions of it pursuant to state statute. See Butner v. United States, 440 U.S. 48, 55 (1979)("Property interests are created and defined by state law."). In Colorado, exempt property includes "[t]he proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages." Colo.Rev.Stat. 13-54-102(1)(n).
 
 
 9
 The bankruptcy court analyzed Gavend's claims in accordance with section 13-54-102(1)(n) and In re Keyworth, 47 B.R. 966 (Bankr.D. Colo.1985). The court held that any damages Gavend might be awarded on her personal injury claims would be exempt. Any damages which related to property rights for pecuniary losses or for exemplary damages would not be exempt. The bankruptcy court directed Gavend to submit special interrogatories to the jury for ascertaining the basis for any damages awarded. We agree that the bankruptcy court properly allocated the exemptions for any damages Gavend might be awarded. See Keyworth, 47 B.R. at 973, 975.
 
 
 10
 Gavend also appears to argue that her lawsuit has been assigned to the trustee who plans to sell the action to the highest bidder. She argues that malpractice actions cannot be assigned under state law. Regardless of whether Gavend's action is assignable under state law, her claim is part of the bankruptcy estate. See Sierra Switchboard Co. v. Westinghouse Elec. Corp. 789 F.2d 705, 709 (9th Cir.1986). When Gavend filed for bankruptcy, her estate became the successor-in-interest to her lawsuit. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.1992). Therefore, the trustee may take control of the suit. Id. Even if the trustee takes control of the lawsuit, however, the lawsuit is not the property of the trustee. No assignment to the trustee has been made. The lawsuit remains estate property.
 
 
 11
 Gavend has thus far retained control of the lawsuit. She has only been directed to ensure that the jury specifically allocates any damages it awards. If the trustee decides to settle the suit, that is within his power so long as he acts in the best interest of the estate and with the bankruptcy court's approval. Cf. Davis v. Jackson (In re Transcontinental Energy Corp.), 764 F.2d 1296, 1298 (9th Cir.1985)(trustee may, with court's approval, compromise any controversy arising in estate's administration upon such terms as he deems for estate's best interest).
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470