**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: EDWARD RICHMAN; In Re:
ILENE RICHMAN,
<u>Debtors.</u>

ILENE RICHMAN,
<u>Plaintiff-Appellant</u>,               No. 96-2156

v.

JOHN R. GARZA; LAWRENCE F.
REGAN, JR.; GARZA, REGAN & ROSE,
P.C.,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-1509-AW,
BK-92-13241-DK,
AP-95-1389)

Argued: May 8, 1997

Decided: July 1, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and FABER,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Hart Nelson, Charlottesville, Virginia, for Appellant. Lawrence Francis Regan, Jr., GARZA, PAPERMASTER, REGAN & ROSE, P.C., Rockville, Maryland, for Appellees. **ON BRIEF:** John R. Garza, GARZA, PAPERMASTER, REGAN & ROSE, P.C., Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ilene Richman appeals from the district court's order affirming the bankruptcy court's findings that Mrs. Richman could not personally maintain a legal malpractice claim against her attorneys arising from
their advice and handling of Mrs. Richman's bankruptcy action. Mrs. Richman and her husband, Edward, filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on May 29, 1992. The appellees initially served as counsel to the Richmans as debtors-in-possession.
The Richmans eventually sought new counsel, and the appellees were replaced effective April, 1994. The case was converted to Chapter 7
effective August, 1994.

On May 26, 1995, the Richmans filed a complaint against the appellees in the Circuit Court for Montgomery County, Maryland. Their complaint alleged that the appellees negligently represented them both before and after they filed their bankruptcy petition. The
appellees removed the case to the bankruptcy court and moved to dismiss. By order entered April 2, 1996, the bankruptcy court dismissed
the Richmans' complaint, determining that they had no standing to pursue the cause of action, which is the property of the Richmans' Chapter 7 bankruptcy estate. Ilene Richman appealed the decision of the bankruptcy court, but her husband did not. By order entered on

2

July 18, 1996, the district court affirmed the findings of the bankruptcy court.

The act of filing a petition for relief under an applicable chapter of the Bankruptcy Code commences a bankruptcy case and creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Upon the filing of a petition, the debtor's interests in property vest in the bankruptcy estate, and the debtor surrenders the right to dispose of or otherwise control the estate property. In re Osborn, 176 B.R. 217, 219 (Bankr. E.D. Okla. 1994). The bankruptcy trustee, as representative of the bankruptcy estate, has exclusive authority to use, sell or lease property of the estate. 11 U.S.C. §§ 323(a), 363(b)(1).

11 U.S.C. § 541 provides in part that the bankruptcy estate is comprised, with exceptions not applicable here, of "all . . . property, wherever located and by whomever held . . ., [including] all legal or equitable interests of the debtor in property as of the commencement of the case." The estate also includes "proceeds, products, offspring, rent or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." The statute further provides that the estate includes "any interest in property that the estate acquires after the commencement of the case." A legal cause of action is an interest of the debtor in property within the meaning of section 541. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986); Tignor v. Parkinson, 729 F.2d 977, 980-81 (4th Cir. 1984).

Any legal malpractice claim arising from the appellees' advisement and handling of the Richmans' bankruptcy proceeding is properly characterized as property of the estate. The nature and existence of the Richmans' interest in property as of the commencement of their Chapter 11 case is governed by applicable non-bankruptcy law; in this case, Maryland law. Under Maryland law, a plaintiff must establish three elements to sustain a cause of action for legal malpractice: (1) the employment of the attorney by the plaintiff; (2) that the attorney

breached a reasonable duty of care owed to the plaintiff; and (3) that
the attorney's breach of that duty was the proximate cause of injuries
sustained by the plaintiff. Kendall v. Rogers, 31 A.2d 312, 315 (Md.

3

1943). As properly determined by the courts below, such a cause of action accrues when all of the elements of the action are present.

The Richmans' complaint alleges causes of action based on the appellees' representation of them both before and after the petition date. With respect to Mrs. Richman's claim of pre-petition malpractice, we agree with the bankruptcy court that the Richmans suffered an injury, if any, at the moment the petition was filed, and it was at that point that all the elements of a cause of action for malpractice, under Maryland law, came into existence. The bankruptcy court was also correct in finding that, to the extent the cause of action arose post-petition, the professional negligence lawsuit is property of the estate.

Mrs. Richman's major contention is that, at least with regard to the appellees' initial advice to file for Chapter 11 relief, she did not suffer an injury until after the Chapter 11 petition was filed. She contends that she suffered no recognizable injury until the bankruptcy proceeding exceeded the appellees' prediction of a quick and simple experience. Thus, Mrs. Richman argues that at least a portion of her malpractice claim did not accrue at a time which would place it within the bankruptcy estate. Mrs. Richman relies primarily upon In re Swift, 198 B.R. 927 (W.D. Tex. 1996).

Swift, however, appears to go against the weight of authority on this issue, and this court is not persuaded by its rationale. As the bankruptcy court found, with regard to the initial advice to file the petition, Mrs. Richman suffered an injury "at the moment the petition was filed." Conceding the possibility that the bankruptcy proceeding could have proceeded smoothly, which Mrs. Richman does by contending that any injury arose post-petition, it is difficult to find that a malpractice claim could be sustained under this scenario. Nevertheless, assuming that Mrs. Richman's allegations give rise to a possible malpractice claim, and further assuming the injury did occur post-

petition, such a cause of action is still characterized as property of the
estate under section 541(a)(7) (estate includes "any interest in prop-
erty that the estate acquires after the commencement of the case"). As
previously discussed, the applicable non-bankruptcy law, Maryland
law, provides that a legal malpractice claim does not accrue until all
the elements are present. Under Mrs. Richman's scenario, all the ele-

4

ments did not coexist until post-petition and, thus, would be property
of the estate under section 541(a)(7).

Finally, although we affirm the lower courts' dismissal of the Rich-
mans' cause of action, this decision in no way precludes the Trustee
of the estate from filing a new action on behalf of the bankruptcy
estate. We have only determined that Mrs. Richman's claims are
properly characterized as property of the estate. There has been no
finding regarding the merits of the malpractice claims raised by the
Richmans.

Accordingly, the district court's decision is

AFFIRMED.