In re Jerry L. SNYDER, and Janet E. Snyder, Debtors.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAMILTON, Plaintiff,

v.

Jerry L. SNYDER, Defendant, Counter-Claimant and Third Party Plaintiff,

v.

BUSAM DATSUN, Third Party Defendant.

Bankruptcy No. 1–85–02040.
Adv. No. 1–85–0341.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 6, 1986.

Jeffrey S. Bakst, Cincinnati, Ohio, for debtor.

Norbert M. Doellman, Jr., Hamilton, Ohio, for plaintiff.

Norman I. Barron, Cincinnati, Ohio,

James C. Cissell, Cincinnati, Ohio, Trustee.

## DECISION GRANTING PLAINTIFF'S AND THIRD PARTY DEFENDANT'S MOTIONS TO DISMISS DEFENDANT'S COUNTERCLAIMS AND THIRD PARTY COMPLAINT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, Home Federal Savings and Loan Association, has filed the present complaint to determine dischargeability of a secured debt owed to it by defendant, a Chapter 7 debtor (hereinafter "debtor"). Plaintiff alleges that the debt is nondischargeable because debtor obtained a car loan through use of fraud and a false financial statement. Plaintiff also states, as ground for denial of discharge, that debtor transferred or concealed property within one year prior to filing bankruptcy with actual intent to hinder or delay the creditor.

Debtor denies the allegations in plaintiff's complaint. By way of a defense, debtor asserts that plaintiff was involved in fraudulent conduct with the dealer of the car, Busam Datsun (hereinafter "Busam"). By way of counterclaims, the debtor alleges that plaintiff, as the principal of Busam, is liable for the acts of its agent. Debtor alleges that plaintiff's agent, Busam, pressured him into purchasing the car, told him to complete the loan application by memory and made false representations which debtor relied on in signing the loan. Debtor's counterclaim seeks compensatory and punitive damages against plaintiff.

Debtor has also brought a third party complaint against Busam alleging that Busam made material misrepresentations to debtor. Also, debtor alleges that Busam violated provisions of the Consumer Sales Practices Act found at Ohio Revised Code §§ 1345.02 and 1345.03. Debtor's third party complaint seeks treble damages and attorney fees against Busam.

Plaintiff has moved to dismiss the counterclaims stating, inter alia, that the debtor lacks standing to bring the counterclaims. Busam has moved to dismiss the third party complaint on the same grounds.

We hold that defendant, a Chapter 7 debtor in this court, does not have standing to prosecute the counterclaim or the third party complaint and, therefore, grant the motions to dismiss.

Defendant filed a Chapter 7 case in this court on August 8, 1985. By virtue of the filing of the bankruptcy petition, all property owned by the debtor became property of the estate. Section 541 reads, in part:

> (a) The commencement of a case * * * creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) * * * all legal or equitable interest of the debtor in property as of the commencement of the case.

As stated in the legislative history to § 541:

> The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ...

House Report 95–595, 95th Cong., 1st Sess., 367–8 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess., 82–3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868–69, 6322–24.

There is no question that a cause of action for fraud and misrepresentation owned by the debtor passes to the trustee upon the filing of a bankruptcy petition. *Moore v. Slonim,* 426 F.Supp. 524 (D.C. Conn.1977).

There is also no question that an action for violation of consumer protection laws becomes part of the estate and passes to the trustee upon filing a bankruptcy. *Fair v. Nationwide Mortgage Corporation,* 34 B.R. 981 (D.C.D.C.1983).

Since the debtor's cause of action becomes property of the estate, only the trustee has standing to bring the action. *See, In re Couch,* 43 B.R. 56 (Bankr.E.D. Ark.1984). In that case, a creditor brought a complaint for nondischargeability. The debtor counterclaimed for tortious interference with a contract, tortious abuse of process, and malicious prosecution. The court dismissed the counterclaim stating:

> If a cause of action exists on behalf of the estate, it is property of the estate and suit must be brought by the trustee for the benefit of the estate.

*Id.* at 59.

Defendant argues that he has standing to prosecute this counterclaim because a portion of the recovery may be exempt property. However, this argument has no merit in this case.

This court takes judicial notice of the debtor's schedules filed in the Chapter 7 case. The debtor has not scheduled this cause of action as an asset of the estate, nor do the debtor's schedules reflect a claim that the property is exempt.*

Furthermore, even if debtor was entitled to exempt a portion of any possible recovery from this cause of action, that does not alter the conclusion that the cause of action itself is still property of the estate and the debtor lacks standing to prosecute it. That issue was addressed in *Matter of Homer,* 45 B.R. 15 (Bankr.W.D.Mo.1984), in which the plaintiffs brought a dischargeability action for malicious and fraudulent conversion of debtors' farm crops. The debtors brought a counterclaim based upon allegations that the plaintiff had converted some of the debtors' property. The court held that debtors lacked standing to prosecute the counterclaim and further stated:

> The debtors contend that they have a right to prosecute the claim insofar as they may claim it as exempt property under the Bankruptcy Code. The governing statutory scheme does not support this contention. Accordingly, the counterclaim must be dismissed for lack of the defendants' standing to prosecute it.

We note that the debtor has attached to his memorandum a document entitled "Written Consent of Trustee to Allow Debtor to Pursue Claim on Behalf of the Estate" in which the trustee purports to bestow standing on the debtor to pursue these claims. That document has questionable legal significance and does not alter our holding that the debtor has no standing to pursue these claims.

Therefore, we dismiss the debtor's counterclaim against plaintiff and the third party complaint against Busam. The other arguments raised by the memoranda submitted need not be addressed.

So Ordered.

---

* The exemption statute found at ORC § 2329.66 does not appear to contain any provision that would allow the debtor to exempt this asset from the estate. Nor does the debtor suggest an applicable exemption. The residual exemptions contained in ORC §§ 2329.66(A)(4)(a) and (A)(17) have already been claimed by this debtor against other assets.