**In re Joseph M. SIMONE, Debtor.**

**Mary A. RABIN, Plaintiff,**

v.

**Joseph M. SIMONE, Defendant.**

**Bankruptcy No. B88–4003.**

**Adversary No. B89–0157.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 25, 1989.

Robert B. Weltman, Weltman, Weinberg & Associates, Cleveland, Ohio, for plaintiff.

Stanley E. Stein, Joseph E. Ujczo, Cleveland, Ohio, for defendant.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Plaintiff, Receiver for Record Rendezvous, Inc. (R.R.I.), seeks the dismissal of a counterclaim filed by the Defendant, Joseph M. Simone (Debtor), which was filed as a partial response to the Receiver's motion to determine dischargeability of debt pending before this Court.[1]

Contending that the Debtor is without standing to file his counterclaim, the Receiver avers that only the Chapter 7 Trustee can properly pursue such an action on behalf of the Debtor's estate. More specifically, the Receiver, relying on provisions of 11 U.S.C. § 704(1), alleges that the claims being advanced by the Debtor are estate assets and, as such, can only be brought by the Trustee. The subject claims are two contingent and unliquidated claims against R.R.I. which are listed on the Debtor's Schedule B–2. Thusly, she

---

1. The Debtor initially responded to the Complaint by filing a motion to dismiss the Complaint. Upon the Court's denial of that motion, he subsequently filed his Answer and Counterclaim.

contends, the counterclaim should be dismissed as it fails to state a claim upon which relief can be granted.

No response to the Plaintiff's motion to dismiss was filed. An examination of the Debtor's Answer and Counterclaim reveals that, "Defendant and/or Defendant's estate is the holder of a cognovit note in the face amount $315,000.00 plus interest at two percent (2%) for a total indebtedness to date of approximately $555,066.35." (See, Answer and Counterclaim, Count I, Para. 19). The above-quoted language chosen by the Debtor indicates that the Debtor's estate is an interested party on the note. In Count V. of the same counterclaim (Paras. 23–25) the Debtor asserts a damage claim for an alleged breach of contract prepetition between the R.R.I. and himself in an approximate amount of $63,795.18. Both amounts, he alleges, should either be paid to him or set-off against any amount due and owing to the Plaintiff.

The Debtor's Statement of Financial Affairs reflects two pending state court actions involving R.R.I. (See, Item # 10's attachment). His Schedule B–2 (Personal Property) further includes two claims characterized as contingent and unliquidated against R.R.I. and affiliates of R.R.I. The first claim is stated in an amount of $555,-066.25, and the second claim is in an amount of $63,795.18. Both claims reportedly are for consulting fees.

The Plaintiff–Receiver correctly notes that a debtor's estate is comprised of interests of the debtor, legal or equitable, which exist as of the commencement of the bankruptcy case. See, 11 U.S.C. § 541(a). As the aforementioned petition schedule indicates, the subject counterclaim is an asset of the Debtor's estate. As such, the Debtor lacks the required standing to pursue the counterclaim. As obligated under 11 U.S.C. § 704, the duly appointed Trustee would be the proper party to prosecute such actions on behalf of the Debtor's estate. *See Alberts v. Wall Street Clearing Corp.*, No. 89 Civ. 0002, 1989 WL 88585 (S.D.N.Y. July 13, 1989); *In re Tvorik*, 83 B.R. 450, 456 (Bankr.W.D.Mich.1988); *In re Snyder*, 61 B.R. 268 (Bankr.S.D.Ohio 1986).

Accordingly, the Plaintiff's motion to dismiss the subject counterclaim is hereby granted.

IT IS SO ORDERED.