K. Dale WISSMAN, Sheryll Wissman,
Plaintiffs–Appellants,

v.

PITTSBURGH NATIONAL BANK,
Defendant–Appellee.

No. 90–2726.

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1991.

Decided Aug. 21, 1991.

David Allen Jividen, argued (Donna L. Crow, on brief), Bordas & Bordas, Wheeling, W. Va., for plaintiffs-appellants.

Gary Patrick Hunt, Tucker Arensberg, P.C., Pittsburgh, Pa., argued (Richard B. Tucker, III, Tucker Arensberg, P.C., Pittsburgh, Pa., Michael L. Bray, Steptoe & Johnson, Clarksburg, W. Va., on brief), for defendant-appellee.

Before HALL, Circuit Judge, HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

K. Dale Wissman and Sheryl Wissman appeal the district court's dismissal of their

civil action against Pittsburgh National Bank ("Pittsburgh National"). We reverse and remand.

## I.

Several years before the initiation of this action, Mr. Wissman had been vice-president and chief financial officer of Alamco, an oil and gas business. During his employment with Alamco, the Wissmans obtained large personal loans from Pittsburgh National, Alamco's largest creditor. In December 1985, the Wissmans pledged 260,000 shares of stock they owned in Alamco as collateral for a personal loan of $500,000. Subsequently, allegedly with Pittsburgh National's advice and consent, Alamco discharged Wissman. Pittsburgh National did not foreclose on Wissman's pledged stock at that time, even though he had defaulted on his personal loans.

In 1988, Wissman became a consultant to Keelex, another oil and gas company, and worked with it on a plan to take over and restructure Alamco. After Keelex filed the required forms with the Securities and Exchange Commission, Pittsburgh National filed a foreclosure suit against Wissman and took control of 215,000 shares of his Alamco stock. As a result of this foreclosure, the Wissmans were forced into bankruptcy. They filed a voluntary Chapter 7 bankruptcy petition on October 7, 1988.

On Schedule B-2, filed with their petition, the Wissmans listed as an asset of the estate a "Possible claim against Pittsburgh National Bank." This "possible claim" was not yet pending as a lawsuit at the time they filed their bankruptcy petition. Because the value of the claim was unknown, the Wissmans entered a question mark instead of a value in the space provided on Schedule B-2. The Wissmans then listed the "possible claim" as exempt on Schedule B-4 and specified West Virginia Code § 38-10-4(e) as authority for the exemption. They also entered a question mark in

the "value" column provided on this form. Pittsburgh National, a named creditor, did not object to the exemption of the "possible claim" against it. Moreover, neither the trustee nor any other party in interest objected to the exemption.

On March 20, 1990, while the bankruptcy proceeding was still pending, the Wissmans filed this action against Pittsburgh National, alleging breach of contract, bad faith banking practices and the tort of outrageous conduct. The claim stemmed from Pittsburgh National's foreclosure on the Wissmans' stock only after Keelex moved to take over Alamco. Pittsburgh National moved to dismiss alleging that the Wissmans' claims were property of the bankruptcy estate, subject to the control and direction of the trustee. The district court granted Pittsburgh National's motion to dismiss, holding that "the bankruptcy law requires a formal abandonment by the trustee of the asset even when it is claimed to be exempt because it is still property of the estate within the meaning of 11 U.S.C. § 541(a)(1)." Memorandum Opinion and Order at 2. Because the trustee had not abandoned the cause of action, the district court concluded that the Wissmans had no standing to pursue it. This appeal followed.

## II.

The parties agree that, pursuant to 11 U.S.C. § 541, the Wissmans' cause of action became property of the bankruptcy estate when the Wissmans filed their petition.[1] The dispute concerns whether and to what extent the Wissmans could exempt this cause of action, and, if they could, whether they had standing to pursue the action without the participation of, or the abandonment of the claim by, the bankruptcy trustee.

■ The Bankruptcy Reform Act of 1978, 11 U.S.C. § 522(*l*) (1988), provides that "[t]he debtor shall file a list of property that the debtor claims as exempt under

---

1. The scope of § 541 "'is broad. It includes all kinds of property, including tangible or intangible property, causes of action....'" *Tignor v. Parkinson,* 729 F.2d 977, 980 (4th Cir.1984)

((quoting S.Rep. No. 989, 95th Cong., 2d Sess. 82, and H.R.Rep. No. 595, 95th Cong., 2d Sess. 367), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5868, and 5963, 6323).

subsection (b) of this section.... Unless a party in interest objects, the property claimed ... is exempt." The unequivocal language of the statute does not require abandonment by the trustee as a prerequisite to exemption by the debtor. Abandonment is the method used by the trustee to relieve the estate of "any property ... that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. The trustee may refuse to abandon property that has value to the estate, but if the debtor is entitled by statute to an exemption in it, he may claim it without abandonment by the trustee.

■ Thus, if the Wissmans are otherwise entitled to exempt this cause of action, they may do so notwithstanding the trustee's refusal to abandon it. We conclude that the district court erred in holding that abandonment by the trustee was a prerequisite to the Wissmans' exemption of their claim and a prerequisite to the Wissmans' standing to pursue the action.[2]

### III.

■ Next we consider whether the Wissmans followed proper procedure and had a legitimate statutory basis for their exemption. Under Bankruptcy Rule 4003, the debtor must list the assets he intends to claim as exempt. The trustee or any party in interest may then object to the claimed exemption within thirty days after the con-

clusion of the meeting of creditors (held pursuant to Bankruptcy Rule 2003(a)) or the last amendment to the exemption schedule, whichever occurs later. "Unless a party in interest objects, the property claimed as exempt ... is exempt." 11 U.S.C. § 522(*l*); *see also In re Kretzer*, 48 B.R. 585, 587 (Bankr.D.Nev.1985); *In re Wiesner*, 39 B.R. 963, 965 (Bankr.W.D.Wis. 1984); 3 Collier on Bankruptcy ¶ 522.26 (15th ed. 1991).

The Wissmans listed their cause of action as an asset on Schedule B–2 and then claimed it as exempt on Schedule B–4. They listed West Virginia Code § 38–10–4(e) (1985) as authority for the exemption. No party in interest objected. Subsequently, the Wissmans filed an amended schedule of exemptions, thereby giving the trustee and creditors an additional 30–day period to object to the exemptions. Again, however, no one objected. The Wissmans followed procedures mandated by the bankruptcy rules to claim their cause of action as an asset and as an exemption; thus, if West Virginia Code § 38–10–4(e) provides a statutory basis for exemption of a cause of action, it is exempt.

West Virginia Code § 38–10–4(e) permits the exemption of a debtor's interest in "any property" up to $400, plus any unused amount of the $7,500 exemption provided under subsection (a).[3] The counterpart to this section in the federal Bankruptcy Code is § 522(d)(5). The Seventh Circuit has interpreted "any property" in the federal

---

**2.** The district court relied on *Steyr–Daimler–Puch of America Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir.1988), *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984), and *In re Snyder*, 61 B.R. 268 (Bankr.S.D.Ohio 1986). The district court's reliance on these cases is misplaced. It is true that the *Steyr* court stated that "there must be a judicial determination that the trustee in bankruptcy has abandoned the claim" before the debtor may pursue it. 852 F.2d at 136. Nevertheless, *Steyr* is inapposite because the debtor in that case did not attempt to exempt the claim from the bankruptcy estate. Furthermore, neither *Tignor* nor *Snyder* supports the district court's holding. Neither case held that formal abandonment is required before a debtor may exempt a cause of action. Insofar as *Snyder* may implicitly so hold, it is further distinguishable because the court did not believe that the Ohio statute allowed the debtor to exempt a

cause of action from the estate. *Snyder*, 61 B.R. at 270 note.

**3.** § 38–10–4. Exemptions of property in bankruptcy proceedings.

....

Any person who files a petition under the "Bankruptcy Reform Act of 1978" (Public Law 95–598) may exempt from property of the estate in a bankruptcy proceeding the following property:

(a) The debtor's interest, not to exceed seven thousand five hundred dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence....

(e) The debtor's interest, not to exceed in value four hundred dollars plus any unused amount of the exemption provided under subsection (a) in any property.

statute to mean "any property that is property of the estate—including, of course, causes of action arising under the federal Truth in Lending Act or similar state statutes." *In re Smith,* 640 F.2d 888, 891 (7th Cir.1981); *see Augustine v. United States,* 675 F.2d 582, 586 n. 8 (3d Cir.1982) ("any property" construed liberally to permit $7,900 exemption under § 522(d)(5) to be applied to any property of the estate).

The above statutes are "wildcard" or general exemptions because any type of property can be exempted under them. Other statutes list particular kinds of property that can be exempted with or without a limit on the exemptible value. *See, e.g.,* 11 U.S.C. § 522(d)(1)–(4), (6)–(11); W.Va. Code § 38–10–4(a)–(d), (f)–(k). The distinction is relevant in this case because we must decide whether the debtor may exempt an entire cause of action or just a portion of any potential recovery.

Though the Wissmans listed this cause of action as an asset and claimed it as exempt, they listed no value for the claim on Schedule B–2 or Schedule B–4. A cause of action, of course, is an asset that is not easily valued because there is no market where it is bought and sold. Thus, prior to judgment, a cause of action's value is unliquidated and contingent, and claiming a specific dollar exemption is, at best, speculation. A cause of action for unliquidated damages requires an investment of funds before a value can even be estimated. An action must either be pursued to a point where valuation by the parties is possible, or experts must be hired to calculate the potential market value. Here, no estimate of the value of the claim was made, consequently, the Wissmans were unable to list the value they claimed as exempt.

Nevertheless, the debtors argue that the cause of action automatically reverted to them because they listed the claim as an asset on their bankruptcy schedules, they claimed it as exempt, and no party in interest raised an objection. Moreover, they assert that their claim had no fair market value, and, as such, the value was less than the statutory maximum exemption. Therefore, the claim was properly exempted as a whole. Pittsburgh National argues that the statute does not provide for the exemption of the entire cause of action; therefore, the exemption claimed on Schedule B–4 did not result in the reversion of the entire claim to the Wissmans, notwithstanding their failure to object.

■ We do not agree with the Wissmans' argument that by claiming a value less than the statutory maximum, or no value at all, as in this case, the entire property becomes exempt. We agree that the statute does not provide for automatic re-vesting of the entire cause of action in the debtor, but only for an exemption of the debtor's interest up to $7,900 each, less other exemptions claimed. Therefore, though the statute allows for the exemption of "any property," it must be read in context to mean an exemption of "the debtor's interest, not to exceed in value...." W.Va.Code § 38–10–4(e).

The Wissmans properly claimed their cause of action as an asset and as an exemption, notwithstanding their failure to assign a particular value to it at the time of their bankruptcy filing; thus, we hold that the debtors properly exempted this cause of action, pursuant to West Virginia Code § 38–10–4(e). *See Tignor v. Parkinson,* 729 F.2d 977 (4th Cir.1984). Having decided that the Wissmans properly exempted their cause of action, we must decide whether they had standing to pursue this action.

IV.

■ In order to have standing to pursue an action, a plaintiff must have a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest. *Osborn v. Bank of United States,* 22 U.S. (9 Wheat) 738, 6 L.Ed. 204 (1824). The Wissmans argue that they are entitled to pursue this cause of action because it is entirely exempt and has reverted to them. In deciding that the cause of action remained property of the bankruptcy estate, it was unnecessary for the district court to decide the value of the

Wissmans' exemptible interest.[4] The court stated in dicta, however, that their interest applied, at most, to an asset valued at less than $7,900.

Pittsburgh National argues in its brief that the Wissmans are barred by *res judicata* from arguing that they are entitled to exempt the whole of any recovery because of an unappealed decision by the United States bankruptcy court rendered after the district court's dismissal of this action and before argument in this court. The bankruptcy court rejected Wissmans' argument that their cause of action had no value and held that they could not exempt more than $7,770 of any potential recovery, i.e., the maximum amount allowed by West Virginia Code § 38–10–4(e), less exemptions already claimed.

■ Pittsburgh National concedes that the Wissmans are entitled to exempt up to $7,900, the maximum allowed under the statute; therefore, we assume that the Wissmans can exempt up to $7,900 of any recovery from their cause of action. Thus, it is unnecessary to decide whether the Wissmans can exempt more than $7,900 or whether the bankruptcy court's decision is *res judicata*. Based on this premise, we hold that this amount of exemption represents a present, substantial interest and provides the necessary standing for them to pursue the action.[5]

### V.

We now turn to the issue of the estate's interest in the cause of action and the trustee's duty in relation to that interest. The trustee in this case clearly has the capacity to prosecute a lawsuit on behalf of the estate, and he has the duty to administer the estate "impartially for the good of each and all of the creditors. No interest,

except that of the estate, should be his consideration." *In re Oliveri*, 45 F.Supp. 32 (E.D.N.Y.1942).

Under the facts of this case, the Wissmans' cause of action is against their former primary creditor, currently the primary claimant of their bankruptcy estate. If the estate does not have sufficient assets to prosecute the lawsuit, the numerous creditors with smaller claims are not likely to provide funds for that purpose. Naturally, the largest creditor would not provide funds to pursue an action against itself. While the Wissmans have an interest in any potential recovery, the trustee, as representative of the estate, nevertheless has an interest over and above the debtor's exemption.

■ We held above that the debtor properly exempted the cause of action, and the trustee need not abandon the property in order for the Wissmans to exempt their interest. The trustee would, however, have to abandon the estate's interest in order for the debtors to have an interest in any recovery above their exemptible interest.

There remains a question as to whether the trustee is a necessary plaintiff in order for the debtor to pursue the claim. Whether the debtor pursues the claim, with or without the trustee, the estate would either have to remain open pending the outcome or the estate might be subject to being reopened in the distant future in order to collect and distribute a recovery. Expediency, finality and "fresh start" are all goals which are frustrated by holding a bankruptcy case open pending the outcome of a tort action. *See, e.g., In re Sidebotham*, 77 B.R. 504 (Bankr.E.D.Pa.1987). However, if the debtor were not permitted to pursue the action on his own, both the

---

**4.** The debtor's argument and the court's holding raises an issue concerning whether title resides in the estate or re-vests in the debtor when the property is claimed as exempt; however, we need not decide this issue because we are concerned only with exemption of value and its relation to standing, regardless of who owns title.

**5.** It could be considered a technicality that, by listing question marks on their bankruptcy schedules, the Wissmans actually claimed no interest in their cause of action, and therefore, have no standing. We do not think, however, that technicalities should determine their actual interest for purposes of standing. The exemption forms can, of course, be amended at a later date. Bankr.Rule 1009, 11 U.S.C.A. (West Supp. 1991); *Tignor*, 729 F.2d 977.

debtor and the estate might forego a potential recovery because the estate is financially unable or unwilling to pursue the action. Of course, the debtor can move the bankruptcy court to compel abandonment of the estate's interest in order to proceed alone. 11 U.S.C. § 554(b). But if the trustee considers the claim to be of value to the estate, he may not wish to abandon the estate's interest in the cause of action.

If the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law. 11 U.S.C. § 554(c). The practical problem in that case is that abandonment would not be effective until the bankruptcy case closes, and the statute of limitations might run before an action can be brought.

We find no formal abandonment on the record before us, and although the debtor has informally requested the trustee to abandon the asset, he has refused. Nevertheless, he may still wish to be a party to this action. It is not clear, however, whether the trustee has been given formal notice of the debtor's intent to file this action. On remand, the district court should allow the Wissmans to give the trustee and all creditors official notice of the pending action pursuant to Bankruptcy Rule 6007(a). Such notice should give the trustee an opportunity to intervene as a party plaintiff. This is not to say that if the trustee elects to join the action, he would have to aggressively pursue it. He could decline to hire his own counsel and thus take a "free ride" on the efforts of the debtors' counsel.

However, if the trustee declines to join or takes no action at all, the Wissmans may then move the bankruptcy court to compel the trustee to abandon the estate's interest in any potential recovery of the action pursuant to Bankruptcy rule 6007(b). If, after a hearing, the trustee refuses to abandon or join the action, the bankruptcy court should compel abandonment. In this way, the debtor will be free to pursue the action and will be entitled to the whole recovery, if any.

REVERSED AND REMANDED WITH INSTRUCTIONS.