**GBA ASSOCIATES, Plaintiff–Appellant,**

v.

**GENERAL SERVICES ADMINISTRATION; United States of America; Crown Ridge Associates, L.P., Defendants–Appellees.**

**No. 94–1330.**

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1994.

Decided Aug. 22, 1994.

---

**ARGUED:** Katherine Street Nucci, Dykema, Gossett, P.L.L.C., Washington, DC, for appellant. Jeanne Evelyn Davison, Asst. Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, for appellee U.S.; William M. Rosen, Dickstein, Shapiro & Morin, L.L.P., Washington, DC, for appellee Crown Ridge. **ON BRIEF:** Frank W. Hunger, Asst. Atty. Gen., Helen F. Fahey, U.S. Atty., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice; Robert Schlattman, William Dolan, Gen. Services Admin., Washington, DC, for appellee U.S.; Joel Freid, Leticia Flores, Dickstein, Shapiro & Morin, L.L.P., Washington, DC, for appellee Crown Ridge.

Before ERVIN, Chief Judge, and NIEMEYER and WILLIAMS, Circuit Judges.

Dismissed by published opinion. Judge WILLIAMS wrote the opinion, in which Chief Judge ERVIN and Judge NIEMEYER concurred.

## OPINION

WILLIAMS, Circuit Judge:

In this appeal, GBA Associates challenges the validity of a General Services Administration Regulation (GSAR), 48 C.F.R. § 552.-270-3(a) (1993), referred to as the late proposal clause. The General Services Administration (GSA), rejecting GBA's offer to lease, accepted an offer to lease from Crown Ridge Associates after the due date for initial offers but before the date specified for best and final offers (BAFOs) in accordance with the late proposal clause. GBA contends that the late proposal clause is contrary to law and other federal regulations and, accordingly, the lease awarded to Crown Ridge should be invalidated *ab initio*. Because we conclude that GBA lacks standing to challenge the validity of the late proposal clause, we dismiss this appeal.

I.

In December 1992, GSA forwarded Solicitation for Offers (SFO) 92–128 to prospective offerors in order to procure a lease for 155,-000 net usable square feet in northern Virginia. The leased space was to be occupied by the U.S. Army Information Systems Software Development Center–Washington for a six-year lease term beginning July 1, 1994. At the time of the SFO, GBA had been leasing a portion of its Melpar building, located in northern Virginia, to the Army Software Development Center under various GSA leases for over 20 years. The SFO specified a due date of January 15, 1993, for initial offers. The SFO also included the text of the GSAR late proposal clause, allowing for the submission of first-time offers at any time up to the date for receipt of BAFOs.

GBA submitted a bid proposal in response to the SFO on January 15, 1993, offering to lease space in the Melpar Building. During the procurement process and prior to the date for BAFOs, GSA and GBA communicated extensively about whether GBA's bid met the minimum requirements of the SFO and whether the deficiencies pointed out by GSA would be corrected. During the procurement process and prior to GBA's submission of its BAFO, GSA repeatedly advised GBA

that the Melpar Building contained numerous deficiencies that needed to be corrected in order for the building to comply with the requirements of the SFO. Rather than attempt to correct the deficiencies, GBA took issue with the requirements of the SFO and GSA's determination of its needs, failed to respond to GSA's requests for detailed information regarding compliance with the minimum requirements of the SFO, and submitted a BAFO that further affirmed GBA's intention of only correcting those deficiencies that it believed were necessary. Crown Ridge submitted its only offer on June 3, 1993.[1] GSA awarded the bid to Crown Ridge on or about August 30, 1993, after the contracting officer determined that Crown Ridge's offer was the only one that met the minimum requirements of the SFO.

GBA filed this action in district court to enjoin Crown Ridge's fulfillment of the lease, alleging that GSA's rejection of its bid and acceptance of Crown Ridge's bid was improper, arbitrary and capricious, and contrary to law. The district court granted summary judgment in favor of GSA, holding that GBA failed to establish that its offer satisfied the solicitation requirements, and GSA reasonably found GBA's proposal technically unacceptable. With regard to the validity of GSAR § 552.270–3(a), the district court concluded that GSA's interpretation of its own regulation was reasonable. GBA appeals.

## II.

GBA brought this action under the Administrative Procedures Act (APA), "which gives any person 'adversely affected or aggrieved by agency action within the meaning of a relevant statute' the right to seek federal court review." *Motor Coach Indus., Inc. v. Dole,* 725 F.2d 958, 963 (4th Cir.1984) (quoting 5 U.S.C. § 702). GBA asserts that it has standing as a disappointed bidder under this circuit's decision in *William F. Wilke, Inc. v. Department of Army,* 485 F.2d 180, 183 (4th Cir.1973), based on its right to "reasonable treatment of [its] bids" acquired from "the combination of the statutory scheme regulat-

ing ... procurement ... and the review provisions of the Administrative Procedure Act, 5 U.S.C. § 702." *See also Motor Coach,* 725 F.2d at 964. Even as a disappointed bidder, however, GBA must still establish the threshold standing requirements of Article III and

> [i]n the APA context, ... the Supreme Court has stated that the article III requirements are satisfied when three elements are present in the party seeking relief from the court: (1) he must allege an actual injury within the zone of interests protected by the statute; (2) the injury must be fairly traceable to the specific agency action challenged; and (3) the alleged injury must be such that it likely would be redressed by a favorable decision.

*Motor Coach,* 725 F.2d at 963 (citing *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *See also Association of Data Processing Serv. Orgs. v. Camp,* 397 U.S. 150, 153–54, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970)).

■ There is no question that GBA has satisfied the first prong of the requirements for standing, namely that it demonstrate a distinct and palpable injury, more than hypothetical or conjectural, within the zone of interests of the statutes at issue. *Motor Coach,* 725 F.2d at 963; *Mideast Sys. & China Civil Constr. Saipan Joint Venture, Inc. v. Hodel,* 792 F.2d 1172, 1176 (D.C.Cir. 1986). GSA's alleged improper rejection of GBA's bid and acceptance of Crown Ridge's bid caused an economic injury and loss to GBA which is sufficient to satisfy this prong. *See Von Aulock v. Smith,* 720 F.2d 176, 180 (D.C.Cir.1983).

■ The second prong of the standing analysis is the causation requirement. With regard to this prong, we must determine whether GBA's injury is fairly traceable to the particular actions by GSA which are now being challenged. *Motor Coach,* 725 F.2d at 964. Specifically, we must evaluate whether

---

**1.** Crown Ridge was evidently unable to submit an earlier proposal because it negotiated to purchase the offered building from the Resolution Trust Corporation only days prior to the due date for BAFOs.

GBA's failure to obtain the lease award can fairly be traced to GSA's reliance on the late proposal clause, the validity of which GBA challenges, to accept Crown Ridge's bid. We find no such causal nexus in this case. Rather, as we view the unappealed and undisputed facts detailed in the district court's opinion, GBA was not awarded this lease because it failed to submit a bid that would meet the minimum requirements of the solicitation. GBA's failure to obtain the award was due to its own noncompliance with the requirements of the SFO and intransigence in answering the legitimate requests of the government procurement agency. This independent justification for rejecting GBA's proposal breaks the chain of causation and divests GBA of standing. Because its injury was caused by the technical deficiencies in its bid, unrelated to the legal validity of GSAR § 552.270–3, GBA fails to satisfy the second prong of the standing requirements.

▮ GBA is also unable to satisfy the third prong of the standing inquiry, the redressability requirement, because there is no indication that a favorable ruling on the validity of the late proposal clause would result in an award of the lease to GBA. GBA contends that if GSA had rejected Crown Ridge's offer as untimely, the numerous defects in GBA's proposal could have been resolved or corrected during negotiations and GSA subsequently could have made an award to GBA pursuant to the SFO. GBA also asserts that if Crown Ridge's offer had not been accepted, GSA would have been forced to resolicit bids. What conceivably might have happened is not sufficient to satisfy the requirements of standing. *See Mideast Sys.*, 792 F.2d at 1178 ("[T]he mere possibility that causation is present is not enough; the presence of an independent variable between either the harm and the relief or the harm and the conduct makes causation sufficiently tenuous that standing should be denied."); *see also Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 871 (4th Cir.1991) ("In order to have standing to pursue an action, a plaintiff must have a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest."). Moreover, be-

yond the speculative nature of this contention, it is simply not supported by the record. GBA had the opportunity to negotiate with GSA and cure the deficiencies in its bid before an award was made but still failed to satisfy the requirements of the solicitation. As Crown Ridge argues, GBA's actual objection seems to be that, if it had remained the sole bidder, GSA would have been forced to lower its standards to accommodate GBA's unwillingness or inability to cure its deficient offer. (Br. of Crown Ridge at 7.) The opportunity to be the sole bidder and the possibility of GSA lowering its solicitation requirements, however, are not part of the fair procurement process to which GBA is entitled.

### III.

For the foregoing reasons, we conclude that GBA lacks standing to challenge the validity of GSAR § 552.270–3 and, accordingly, this appeal is dismissed.[2]

*DISMISSED.*

---

**2.** GBA's certificate for confidentiality requesting that the Joint Appendix be sealed is denied.