**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SRS TECHNOLOGIES, INCORPORATED,
Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF DEFENSE,
William Perry, Secretary,
Department of Defense; SMALL
BUSINESS ADMINISTRATION; THE
DEFENSE EVALUATION SUPPORT                              No. 96-1484
AGENCY; HIGH TECHNOLOGY
SOLUTIONS, INCORPORATED,
Defendants-Appellees,

and

THE MINORITY BUSINESS SUMMIT
VOLUNTEER COMMITTEE,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1792-A)

Argued: April 10, 1997

Decided: May 6, 1997

Before WILKINSON, Chief Judge, and HAMILTON and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Alan Mark Grayson, McLean, Virginia, for Appellant. Gregory Bryan Friel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** James S. DelSordo, McLean, Virginia, for Appellant. Deval L. Patrick, Assistant Attorney General, Dennis J. Dimsey, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appellees; Nancy O. Dix, Mary A. Lehman, GRAY, CARY, WARE & FREIDENRICH, San Diego, California; Karla L. Palmer, Michael R. Charness, MCDERMOTT, WILL & EMERY, Washington, D.C., for Appellee High Technology Solutions.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

SRS Technologies brought suit challenging the government's award of a technical support services contract to High Technology Solutions pursuant to the Small Business Administration's (SBA) 8(a) Program. SRS claims that the 8(a) Program is unconstitutional because it uses racial presumptions to determine "social disadvantage." SRS further alleges that SBA violated its own procurement regulations. The district court found that SRS lacked standing to raise these claims, and SRS appealed. We affirm the judgment.

I.

SRS Technologies provides technical support services to TRW, Inc. pursuant to a nationwide subcontracting agreement. TRW, in turn, services military facilities under an omnibus contract with the Defense Evaluation and Support Agency, a component of the Department of Defense. One of the sites where SRS formerly provided ser-

2

vices to TRW is the Pacific Missile Range Facility (PMRF) in Kauai, Hawaii.

In 1995, the government announced that it would no longer use the TRW contract for work at the PMRF. As a result, SRS ceased performing services for TRW at the PMRF on December 31, 1995. The government awarded the PMRF work to High Technology Solutions (HTS) through a program established under section 8(a) of the Small Business Act, 15 U.S.C. § 637(a).

Under the 8(a) Program, the Small Business Administration (SBA) enters into contracts with other government agencies to provide goods or services. SBA then subcontracts the work to small businesses that are owned and controlled by "socially and economically disadvantaged" individuals. SBA's regulations establish a rebuttable presumption that members of a certain racial or ethnic groups are socially disadvantaged for the purposes of the 8(a) Program. 13 C.F.R. § 124.105(b)(1). HTS's owner is of Philippine descent, and SRS's owner is a native of India. Both derive from ethnic groups that are presumed disadvantaged.

Regardless of the presumption of social disadvantage, SBA requires each 8(a) Program participant to make an individualized showing of economic disadvantage. SBA's regulations provide that "an individual whose personal net worth exceeds $250,000 will not be considered economically disadvantaged for purposes of 8(a) program entry." 13 C.F.R. § 124.106(a)(2)(i). SRS cannot participate in the 8(a) Program because SRS's owner is a multi-millionaire.

On December 28, 1995, SRS filed a complaint alleging that the government awarded the PMRF contract to HTS on the basis of race in violation of the Constitution's guarantee of equal protection. SRS further alleged non-constitutional claims related to the award of the PMRF contract to HTS. The district court dismissed the suit, finding that SRS lacked standing to raise any of its claims. SRS appeals.

II.

In order to show standing to raise its constitutional claim, SRS must demonstrate a "causal connection between the injury and the

3

conduct complained of." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). SRS challenges the racial presumptions of social disadvantage in SBA regulations implementing section 8(a) of the Small Business Act. However, SRS was not prohibited from participating in the 8(a) Program for race-based reasons. Rather, SRS was ineligible to participate in the 8(a) Program because its owner is a multimillionaire whose net worth exceeded SBA's guidelines for economic disadvantage by several orders of magnitude. SBA's requirement of economic disadvantage for entry into the 8(a) Program is a race-neutral criterion. It was by virtue of this race-neutral criterion that plaintiff failed to qualify for a contract award, and its standing to challenge the race-conscious criteria is therefore lacking.

III.

SRS also raises non-constitutional claims regarding the government's award of the PMRF contract to HTS. First, SRS complains that HTS was not qualified to participate in the 8(a) Program because it had not fulfilled SBA's two-year experience requirement, as generally required by 13 C.F.R. § 124.107. However, even if HTS were not qualified, this would not affect SRS. Regardless of HTS's qualifications, SRS would still have been unable to participate in the 8(a) Program because its owner is not economically disadvantaged.

Furthermore, even assuming that the government would open the PMRF contract to all bidders if HTS were disqualified, SRS would still lack standing. SRS's contract with TRW prohibits SRS from entering into other contracts which involve tasks that are directly related to work that SRS has performed under the TRW subcontract unless TRW grants a waiver. If the contract were open to competitive bidding, it is not certain that such a waiver would be forthcoming, as TRW might well desire to bid on the contract itself. Since SRS's ability to compete for the PMRF contract in this situation would depend on the "independent action of some third party not before the court," SRS cannot establish standing. Lujan, 504 U.S. at 560 (citation omitted).

SRS further alleges that the government violated 13 C.F.R. § 124.309 by failing to perform an adverse impact study before assigning the PMRF contract under the 8(a) Program. That regulation,

4

however, is designed to protect small businesses who have contracts with the government. SRS did not have a contractual relationship with the government at the time the PMRF work was contracted to HTS. Rather, SRS was performing a contract for TRW. As such, SRS was not a party protected by section 124.309 and has no standing to raise a claim under that regulation. See GBA Associates v. General Services Administration, 32 F.3d 898, 900 (4th Cir. 1994) (party must be within a statute's zone of interest to establish standing).

IV.

For the foregoing reasons we affirm the judgment of the district court.

AFFIRMED