### In the Matter of Timothy John LESKOSKY, Debtor.

### J. Coleman Tidwell, Trustee,

### v.

### Timothy John Leskosky, Respondent.

### No. 01–55313 RFH.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Dec. 17, 2002.

Thomas W. Talbot, Macon, GA, for Trustee.

Danny L. Akin, Macon, GA, for Respondent.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

J. Coleman Tidwell, Trustee, filed on February 8, 2002, his Objection by Trustee

to Exemption Claimed by Debtor. A hearing was held on October 17, 2002. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Timothy John Leskosky, Respondent, filed on November 26, 2001, a petition for relief under Chapter 7 of the Bankruptcy Code. Respondent claimed as exempt his shares of stock in several corporations.[1] Respondent listed the value of the claimed exemption as $10. Respondent also listed the current market value of the stock as $10. The exemption is claimed under Georgia's "wild card" exemption provision, namely, O.C.G.A. § 44–13–100(a)(6) (2002).

Respondent is a shareholder in several corporations. Each corporation has filed a petition for relief under Chapter 11 of the Bankruptcy Code. Respondent's interest in the corporations (his stock) could be "wiped out" in the corporations' Chapter 11 plans of reorganization.

Trustee concedes that Respondent's stock is probably worthless. Trustee is concerned that the stock's value may increase if the corporations are able to successfully reorganize. Trustee argues that the exemption should be limited to the amount claimed, $10. Trustee argues that the bankruptcy trustee is entitled to any post-petition appreciation in value of the stock. Trustee wants to "wait and see" what happens in the corporations' Chapter 11 cases.

The Court is not persuaded by Trustee's arguments.

▇▇▇ For property claimed as exempt, " 'value' means fair market value as of the date of the filing of the petition...." 11

U.S.C.A. § 522(a)(2) (West 1993). "Thus, when exemptions are claimed, the fact that the value of the property that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of property that the debtor may exempt." 4 *Collier on Bankruptcy* ¶ 522.03[2] (15th ed. rev.2002).

In *Polis v. Getaways, Inc. (In re Polis),*[2] the Chapter 7 debtor sought to exempt her cause of action against Getaways. The debtor claimed as exempt the cause of action and listed its value as zero. The debtor filed a complaint against Getaways in federal district court. Getaways contended that the debtor's cause of action was worth more than the debtor's claimed exemption and therefore had been improperly exempted from the bankruptcy estate.[3] The bankruptcy court agreed with Getaways. The district court then dismissed the debtor's complaint against Getaways on the grounds that the trustee rather than the debtor was the owner of the cause of action.

The Seventh Circuit Court of Appeals reversed, stating, in part:

The judges who ruled against Polis were plainly disturbed by the prospect of windfall gains to a debtor who by virtue of having exempted a legal claim from bankruptcy and thus put it beyond the reach of her creditors emerges from bankruptcy owning free and clear what turns out to be a valuable asset. But that possibility is built into the valuation scheme that the Bankruptcy Code uses to determine whether a debtor has exceeded her exemption. The Code provides that the "value" of property sought

---

1. The exemptions are claimed on Schedule C—Property Claimed As Exempt.

2. 217 F.3d 899 (7th Cir.2000).

3. The Court notes that Illinois and Georgia both have "opted out" of the federal exemption provisions. 217 F.3d at 901; *In re Williams,* 197 B.R. 398, 402 (Bankr.M.D.Ga. 1996).

to be exempted "means fair market value" *on the date the petition for bankruptcy was filed,* 11 U.S.C. § 522(a)(2), unless the debtor's estate acquires the property later....

. . . .

The possibility that the debtor will obtain a windfall as a consequence of the exemptions recognized by the Bankruptcy Code arises from the fact that the date of valuation of an asset for purposes of determining whether it can be exempted is the date on which the petition for bankruptcy is filed; it is not a later date on which the asset may be worth a lot more. Often property appreciates in a wholly unexpected fashion. A lottery ticket that turns out against all odds to be a winner is merely the clearest example.... *Common stock that had traded at $100 a share on the date the petition for bankruptcy was filed might a month later be worth $1,000, and again the creditors would be out of luck if the debtor had exempted her shares by claiming the personal property exemption for them.* And so it is with a legal claim. It might when it first accrued have seemed so "far out" that its fair market value would be well within the limits of the exemption, and yet–such are the uncertainties of litigation–it might turn into a huge winner.

This feature of the Code's valuation scheme should not be thought a disreputable loophole. If the assets sought to be exempted by the debtor were not valued at a date early in the bankruptcy proceeding, neither the debtor nor the creditors would know who had the right to them.... The framers of the Bankruptcy Code could have made ineligible for exemption property that has an unusual propensity to fluctuate in value, thus reserving windfall gains to the creditors; but they did not do so, perhaps because of the difficulty of defining the category or allocating its fruits across creditors. An alternative would be to keep the bankruptcy proceeding open indefinitely; the objections are self-evident.

217 F.3d at 902–03 (emphasis added).

In *In re Bell,*[4] the debtor claimed as exempt certain property. The debtor listed the value of the claimed exemptions as "entirely exempt," rather than assigning a dollar value. The debtor was worried about possible post-filing appreciation in value. The debtor was concerned that, if the exempt property was sold, the trustee could assert an interest in the sale proceeds that exceed the debtor's estimated value. The bankruptcy court held that the debtor was required to assign a dollar value to property claimed as exempt. The bankruptcy court stated, in part:

> The debtor's concern over post-petition appreciation is unfounded. It makes no difference if an asset has increased in value. The value of a particular asset is measured as of the date of the bankruptcy petition, not thereafter. *In re Dvoroznak,* 38 B.R. 178, 182 (Bankr. E.D.N.Y.1984). *See also Norton Bankruptcy Law & Practice* (2d) § 46:33.

179 B.R. at 130.

Turning to the case at bar, Trustee has presented no evidence concerning the value of Respondent's stock.[5] The Court can only conclude that the value of the stock, as of the date of the filing of Respondent's bankruptcy petition, was $10.

---

4. 179 B.R. 129 (Bankr.E.D.Wis.1995).

5. Fed. R. Bankr.P. 4003(c) (objecting party has burden of proving that exemptions are not properly claimed).

Trustee notes that he has not abandoned the stock at issue. Abandonment, however, is not a prerequisite to a claim of exemption. *Wissman v. Pittsburgh National Bank,* 942 F.2d 867, 869–70 (4th Cir.1991).

Trustee also argues that the local bankruptcy rules limit Respondent's exemption to the dollar amount claimed as exempt ($10). Trustee relies upon Rule 4003–1(a)(3), which provides:

**LBR 4003–1. EXEMPTIONS**

  (a) *Schedule C.* Schedule C shall contain the following:

  . . . .

3. Exemptions will be limited to the dollar amount claimed as exempt even if the asset exempted is later discovered to have had a greater value than the amount listed in the schedules.

There is no dispute that the value of the stock claimed as exempt, as of the date of the filing of Respondent's bankruptcy petition, was $10. LBR 4003–1(a)(3) simply states that the value claimed as exempt in the schedules is the value of the exemption unless that value is objected to. The local bankruptcy rule does not provide that the trustee would be entitled to post-filing appreciation.

An order in accordance with this memorandum opinion will be entered this date.